Christine K. Noma (Bar No. 104751)
cnoma@wendel.com
Greggory C. Brandt (Bar No. 189487)
gbrandt@wendel.com
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Tel:   (510) 834-6600
Fax:   (510) 834-1928

Attorneys for Plaintiff, RLW, LLC,
a California limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RLW, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>     vs.<br><br>DICK BRUHN, INC., formerly dba Selix Formalwear; Donna L. Bruhn as Conservator or Executor of the Estate of Richard L. Bruhn; and the City of Hayward,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1) CERCLA COST RECOVERY;**<br>**2) DECLARATORY RELIEF;**<br>**3) CONTRIBUTION AND INDEMNITY PURSUANT TO THE CALIFORNIA HAZARDOUS SUBSTANCE ACCOUNT ACT, CAL. H&S CODE § 25363(d)**<br>**4) EQUITABLE INDEMNITY AND CONTRIBUTION;**<br>**5) NUISANCE;**<br>**6) TRESPASS;**<br>**7) WASTE; and**<br>**8) NEGLIGENCE**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL** |

# PARTIES

1. Plaintiff RLW, LLC (referred to herein as "RLW" or "Plaintiff") is a California limited liability company with its principal place of business in Oakland, California. RLW currently owns real property commonly known as 22401 through 22487 Foothill Blvd., Hayward, California (the "Property").

2. RLW is informed and believes, and on that basis alleges, that Defendant Dick Bruhn, Inc., formerly dba Selix Formalwear, and Defendant Richard L. Bruhn, deceased, (hereinafter collectively referred to as "DBI") operated retail stores renting formalwear at the Property and at other locations. DBI also operated an on-site dry cleaning business at the Property at various times from 1981 to 2007, prior to and after RLW's purchase of the Property in or around 2002. On or about June 15, 2007, DBI filed for Chapter 11 which was converted to a Chapter 7 bankruptcy. The Chapter 7 bankruptcy was closed by the United States Bankruptcy Court on September 30, 2013 and no discharge was issued. This lawsuit is filed to pursue recovery of damages against DBI and its insurer, Fireman's Fund, as well as the other defendants.

3. RLW is informed and believes, and on that basis alleges, that Defendant Donna L. Bruhn is the conservator or executor of the Estate of Richard L. Bruhn.

4. RLW is informed and believes, and on that basis alleges, that, at all times relevant to the matters set forth herein, the City of Hayward, a municipality in the County of Alameda, California, constructed, installed, owned, operated and was responsible for maintenance of the sanitary sewer line running beneath Foothill Blvd. in Hayward, California.

5. Plaintiff currently does not know the true names or capacities of the Defendants sued herein as "DOES 1 through 25." Each such fictitiously named defendant is in some manner liable to plaintiff for the contamination at the Property. Each reference in this Complaint to "Defendants" refers also to all defendants, whether named or sued under fictitious names. Plaintiff will add each such fictitiously named defendant as a named defendant in this case if and when their identities are discovered.

/ / /

/ / /

## JURISDICTION AND VENUE

6. This action primarily arises under the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has supplemental jurisdiction of the state claims asserted in this action pursuant to 28 U.S.C. § 1367. The federal and state claims herein alleged are based on contamination of the same property, include allegations regarding the same parties and involve the same operative facts. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state claims.

7. Venue and intra-district assignment is proper in this Court, in either the Oakland or San Francisco Division, under the provisions of 28 U.S.C. § 1391(b) and the local rules, as the Property that is the subject of this action and a substantial portion of the events or omissions giving rise to these claims occurred in the District. All of the Defendants' activities, omissions and conduct pertinent to this action occurred in or near Hayward, Alameda County, California and continue to contaminate the environment in or near Hayward, Alameda County, California.

## GENERAL ALLEGATIONS

8. The Property contains a multi-unit building that has been used for commercial purposes and includes several tenant spaces. DBI conducted dry cleaning operations at the unit with the address 22423 Foothill Blvd., Hayward, California. RLW is informed and believes, and on that basis alleges, that dry cleaning operations were conducted at the Property by DBI from as early as 1981 to approximately 2007. From 2002 to the present, the Property has been owned by Plaintiff.

9. RLW is informed and believes, and on that basis alleges, that during the course of the DBI's operation of a dry cleaner on the Property, hazardous materials, including but not limited to tetrachloroethylene (also referred to as perchloroethylene, perc or PCE) and other dry cleaning chemicals, have been disposed of and released at and from the Property. As used herein, the term disposal includes associated terms such as dispose and disposed and the term release includes associated terms such as released. RLW is informed and believes, and on that basis

alleges, that hazardous substances were disposed of and released during, among other things, DBI's storage, handling, use and transfer of dry cleaning solvents on the Property.

10. There are underground sanitary sewer lines, referred to herein as sewer laterals, on the Property.  The sewer laterals convey materials from various portions of the Property to the City of Hayward's main sanitary sewer line directly east of the Property, beneath Foothill Blvd.  RLW is informed and believes, and on that basis alleges, that floor and sink drains, among other things, in the former DBI dry cleaning facility are connected to the City of Hayward's sanitary sewer line through one of the sewer laterals on the Property.  RLW is informed and believes, and on that basis alleges, that the City of Hayward failed to adequately maintain the sanitary sewer line beneath Foothill Blvd., adjacent to and downstream from the Property.  An investigation of the City of Hayward's sewer line in the vicinity of the Property revealed numerous cracks, joint separations, root penetrations and leaks, which RLW is informed and believes, and on that basis alleges, allowed sewage and contaminants contained in the sewage, including but not limited to PCE, to be released into the surrounding environment.

11. RLW is informed and believes, and on that basis alleges, that dry cleaning solvents were disposed of or released into the sanitary sewer system and from cracks, gaps, holes and other pathways in the foundation, plumbing, drains, connections, pipes and sewer lines, which were caused by and resulted from, among other things, improper and negligent maintenance of those components by the Defendants and each of them.  RLW is further informed and believes that certain of these releases, including certain leaks, spills and discharges, were sudden and accidental releases at the Property from such occurrences as boil overs and other similar incidents and from the Property to the surrounding environment, including but not limited to the soil, soil gas, groundwater and/or indoor air at and around the Property.  Prior to 1985, RLW is informed and believes and thereon alleges that DBI released "separator water" that contained PCE into the sanitary sewer, which caused PCE to leak from the sanitary sewer system into the soil and groundwater in, on and at the Property.

12. RLW purchased the Property in 2002.  Prior to the sale of the Property to RLW, PCE contamination was discovered on or in the vicinity of the Property and the former owner of

the property retained a consultant to investigate and remediate the Property. A "no further action" letter was issued by the San Francisco Bay Regional Water Quality Control Board ("RWQCB") on December 3, 2001. Dry cleaning operations using PCE continued on the Property from 2002 to 2007. Sometime in or about 2007, DBI ceased using PCE and all future dry cleaning operations reportedly used a hydrocarbon based cleaning chemical.

13. On June 26, 2013, AEI Consultants ("AEI") completed a "Limited Sub Slab Soil Vapor Investigation" which was submitted to the RWQCB. On November 19, 2013, the RWQCB sent a letter to RLW, LLC regarding AEI's investigation. The letter stated, among other things, that "it appears that contamination consists [sic] of volatile organic compounds (VOC) were found in soil vapor and potentially in soil and groundwater. The contamination threatens to adversely affect the beneficial used of groundwater… and should be fully delineated and abated in the shortest reasonable time period." The RWQCB identified RLW, LLC as a responsible for investigating and addressing the contamination at and around the Property (a "Responsible Party" or "RP").

14. On October 30, 2013, legal counsel for RLW learned that DBI's bankruptcy had been dismissed and sent an email to legal counsel of DBI demanding defense and indemnity. Legal counsel for DBI never responded.

15. RLW is informed and believes and thereon alleges that DBI is not operating, and that it is a suspended corporation.

16. RLW is further informed and believes and thereon alleges that the primary shareholder of DBI, Richard L. Bruhn is deceased and that Donna L. Bruhn was the Conservator or Executor for the Estate of Richard Bruhn.

17. On June 12, 2014, the attorneys for RLW sent a letter demanding payment of past and future costs and a legal hold of all relevant documents to Donna L. Bruhn. Thereafter, RLW and Fireman's Fund, on behalf of DBI, entered into a series of tolling agreements, which tolled the statute of limitations for RLW's potential claims against DBI until December 31, 2021.

18. Following additional investigation at the Property, on October 15, 2018, RLW sent a written claim to the City of Hayward for all investigation and remediation costs associated with

the release of dry cleaning solvents at and in the vicinity of the Property.

19. On November 27, 2018, the City of Hayward rejected RLW's claim.

20. Thereafter RLW and the City of Hayward entered into a tolling agreement so that, among other things, RLW could continue to investigate and remediate the release of contaminants and the parties could attempt to resolve their disputes. The tolling agreement tolled the statute of limitations for RLW's potential claims against the City of Hayward until September 1, 2021.

21. The Defendants have refused to reimburse RLW for its past costs or to pay future costs to address the contamination at the Property that occurred during and after DBI's ownership and operation at the Property and as a result of the acts and omissions of the Defendants, and each of them, as more fully set forth herein.

## FIRST CAUSE OF ACTION

## (CERCLA COST RECOVERY: 42 U.S.C. § 9607(a))

22. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

23. The Property, the former dry cleaning operation and the sanitary sewer line beneath Foothill Blvd. are each a "facility" within the meaning of 42 U.S.C. § 9601(9).

24. There has been a release of hazardous substances at, on, beneath and around the Property. The contaminants that have been identified in the soil, soil gas, groundwater and/or indoor air at, on, beneath and around the Property, including but not limited to PCE, are "hazardous substances" within the meaning of 42 U.S.C. § 9601(14) and as that term is used herein. The releases and threatened releases of hazardous substances at, on, beneath and around the Property resulted from the operations, activities and omissions of each of the Defendants.

25. Each Defendant is a "person" as defined by 42 U.S.C. § 9601(21). DBI is liable pursuant to 42 U.S.C. § 9607(a)(2) as the operator of the dry cleaner at the Property at the time of the disposal of hazardous substances. The City of Hayward is liable pursuant to 42 U.S.C. § 9607(a)(1) and (a)(2) as the current owner of the sanitary sewer line and as the owner of the sanitary sewer line at the time of the disposal of hazardous substances.

26. RLW has incurred, and will incur in the future, necessary response costs, including costs of investigation, removal and/or remedial actions, in the investigation, clean up, and abatement of the releases and threatened releases of hazardous substances at and in the vicinity of the Property. Such activities are taking place with oversight and direction from the RWQCB. All costs incurred, or to be incurred, by RLW in connection with the investigation and remediation of the Property are necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan. Such costs may include the installation of appropriate engineering or institutional controls, retrofit of the structure on the Property and/or full or partial demolition and reconstruction of the structure to ensure that it can be safely occupied by future tenants All of the necessary response costs incurred and to be incurred by RLW are a result of contamination at and around the Property for which the Defendants, and each of them, are liable.

27. RLW continues to incur response costs and other costs in connection with the investigation and remediation of the Property as a result of ongoing efforts to clean up, remediate and remove released hazardous substances from the environment.

28. Defendants, and each of them, are jointly and severally liable to RLW pursuant to 42 U.S.C. § 9607(a) for all or part of the past, present, and future necessary costs of response, including, without limitation, investigation and remediation expenses, attorneys' fees, oversight costs, and interest, resulting from the release by Defendants of hazardous substances in connection with Defendants' operations and activities at and in the vicinity of the Property, and for ownership of and failure to adequately construct, repair and maintain the sewer line beneath Foothill Blvd. adjacent to the Property, in an amount to be determined at the time of trial

## SECOND CAUSE OF ACTION
## (DECLARATORY RELIEF)

29. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

30. An actual dispute and controversy has arisen and now exists among the parties to this action concerning their respective rights and duties in that RLW contends, and Defendants deny, that Defendants are responsible for the contamination at and around the Property and are

obligated to pay the costs of the environmental investigation and cleanup at and around the Property and any other related damages.

31. Because the extent and magnitude of the contamination at and around the Property is not fully known at this time, and the investigatory and remedial work are ongoing, RLW will incur additional necessary fees and costs, including but not limited to investigatory, remedial and removal expenses and associated attorneys' fees in the future, and will incur additional damages. Such costs may include additional investigation or remediation costs, costs for the installation of appropriate engineering or institutional controls, retrofit of the structure on the Property and/or full or partial demolition and reconstruction of the structure to ensure that it can be safely occupied by future tenants.

32. RLW desires a judicial determination of its rights and duties and a declaration that Defendants are liable to RLW for all damages, fees and costs incurred or to be incurred by RLW as a result of releases of hazardous substances by Defendants.

33. RLW is entitled to a declaratory judgment pursuant to 42 U.S.C. § 9613(g)(2), 28 U.S.C. § 2201, California Code of Civil Procedure § 1060 and/or other applicable law establishing the liability of Defendants for such past, present and future damages, fees and costs for the purpose of this and any subsequent action or actions. A judicial declaration is necessary and appropriate under the present circumstances in order that RLW may ascertain its rights and duties

**THIRD CAUSE OF ACTION**

**(CONTRIBUTION AND INDEMNITY: CAL. H&S CODE § 25363(d))**

34. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

35. The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code § 25300 et seq. ("HSAA"), was enacted to encourage the expedient cleanup of "hazardous substances" that have been released into the environment. In furthering this goal, the California Legislature included the statutory right of contribution for those parties who clean up contaminated properties from those parties who are responsible for the contamination.

36. Section 25363(d) of HSAA provides that "[a] person who has incurred response or corrective action costs in accordance with [the HSAA] or the federal act may seek contribution or indemnity from any person who is liable pursuant to [the HSAA]."

37. A "liable person" is defined in section 25323.5(a) of the HSAA as "those persons described in section 107(a) of the federal act (42 U.S.C. Sec. 9607(a))." "Those persons described in section 107(a)" of CERCLA include the owner and operator of a facility, any person who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed, and any person who arranged for disposal or treatment of hazardous substances for transport to a disposal facility. As set forth above, Defendants conducted dry cleaning operations on the Property at the time of disposal, operated a dry cleaner from which such hazardous substances were disposed or released and owned and operated the main sewer line from which hazardous substances were released.

38. There have been releases or threatened releases of hazardous substances at and from the Property and the City of Hayward's sewer line beneath Foothill Blvd. during the time that certain Defendants operated a dry cleaner on the Property. As a direct and proximate result of Defendants' actions that contributed to releases of hazardous substances at and in the vicinity of the Property, Plaintiff has incurred response costs in accordance with the HSAA.

39. As a direct and proximate result of the actions and conduct of Defendants, as alleged herein, and due to the strict liability imposed by the HSAA, Plaintiff is entitled to contribution from Defendants under section 25363 of the California Health & Safety Code for all response costs incurred that are attributable to Defendants. Such costs may include the investigation and remediation of hazardous substances at and in the vicinity of the Property, the installation of appropriate engineering or institutional controls, retrofit of the structure on the Property and/or full or partial demolition and reconstruction of the structure to ensure that it can be safely occupied by future tenants.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

## (EQUITABLE INDEMNITY AND CONTRIBUTION)

40. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

41. RLW has incurred and will continue to incur costs to investigate and remediate releases of hazardous substances that occurred at and in the vicinity of the Property at the time that certain Defendants operated a dry cleaner on the Property. Defendants are responsible for the disposal and releases of hazardous materials on and in the vicinity of the Property, either by their actions, as a result of sudden and accidental releases of hazardous materials during their operation on the Property, due to their failure to maintain equipment at and in the vicinity of the Property including but not limited to the foundation, plumbing, drains, connections, pipes and sewer lines, or based on other negligent actions by Defendants.

42. RLW has and, as a result of Defendants' refusal to pay for the environmental investigation and clean-up of the Property, will continue to pay more than its share of a joint or joint and several obligation. Therefore, RLW is entitled to contribution and indemnity from Defendants, and each of them, for all costs incurred that are attributable to Defendants.

## FIFTH CAUSE OF ACTION

## (NUISANCE)

43. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

44. RLW is the current owner of the Property.

45. The Defendants, and each of them, by acting or failing to act, caused or contributed to the release and disposal of hazardous materials at and in the vicinity of the Property, which created a condition that was harmful to health, indecent or offensive to the senses and an obstruction to the free use of the property, so as to interfere with the comfortable enjoyment or life or property.

46. The presence of hazardous substances at and around the Property has caused RLW to incur fees and costs to investigate and remediate the contamination, may result in lost rental

income if RLW is unable to rent certain portions of the Property as a result of the contamination, has reduced the value of the Property and has caused other harm that interferes with Plaintiff's use or enjoyment of the Property.

47. Plaintiff did not give permission or otherwise consent to Defendants' conduct.

48. The presence of environmental contamination has already impacted or threatens to adversely impact the soil, soil gas, groundwater and/or indoor air at the Property and the requirements imposed to address the contamination are such that an ordinary person would be reasonably annoyed or disturbed by Defendants' conduct.

49. RLW has been harmed as a result of Defendants' conduct, as more fully set forth above, and has incurred damages, including fees and costs to investigate and remediate the contamination, a reduction in the market value of the Property, loss of use of all or portions of the Property and other damage. The seriousness of the environmental contamination at the Property outweighs the public benefit of defendant's conduct.

## SIXTH CAUSE OF ACTION
## (TRESPASS)

50. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

51. RLW is the current owner of the Property.

52. Defendants, and each of them, intentionally, recklessly or negligently caused the release and disposal of hazardous substances on and around the Property.

53. The release and disposal of hazardous substances occurred before RLW purchased the Property, and after purchasing the Property RLW was unaware that releases continued to occur and, therefore, did not give permission or otherwise consent to Defendants' conduct.

54. RLW has been harmed as a result of Defendants' conduct, as more fully set forth above, and has incurred damages, including fees and costs to investigate and remediate the contamination, a reduction in the market value of the Property, loss of use of all or portions of the Property and other damage.

## SEVENTH CAUSE OF ACTION

### (WASTE)

55. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

56. Defendants had a duty to preserve and protect the Property by preventing the release of PCE and other hazardous substances on and in the vicinity of the Property. The disposal and releases of PCE and other hazardous substance resulted during, among other things, the storage, handling, use and transfer of dry cleaning solvents on the Property, and transport from the Property through the sanitary sewer line. RLW is informed and believes, and on that basis alleges, that dry cleaning solvents and other hazardous substances were disposed or released into the sanitary sewer system and from cracks, gaps, holes and other pathways in the foundation, plumbing, drains, connections, pipes and sewer lines, which were caused by and resulted from, among other things, improper and negligent maintenance of those components by the Defendants and each of them. RLW is also informed and believes that certain releases were sudden and accidental releases at the Property and from the Property and the City of Hayward's sewer line to the surrounding environment, including but not limited to the soil, soil gas, groundwater and/or indoor at and around the Property.

57. Defendants' releases and disposal of hazardous substances, were the direct and proximate cause of contamination that has impacted soil, soil gas, groundwater and/or indoor air and has resulted in a substantial reduction in the market value of the Property, which amounts to waste. Defendants have also failed to affirmatively respond to demands by Plaintiff to conduct the necessary investigation and remediation of the Property.

58. As a result, RLW is entitled to recover damages from Defendants, and each of them, for the reduction in the value of the Property and treble damages, plus other and further relief as allowed by law.

/ / /

/ / /

/ / /

## EIGHTH CAUSE OF ACTION

### (NEGLIGENCE)

59. RLW realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

60. Defendants had a duty to preserve and protect the Property by preventing the release of PCE and other hazardous substances on and in the vicinity of the Property and to comply with applicable laws, regulations and other applicable requirements regarding the handling, storage, use and disposal of hazardous substances.

61. Defendants breached that duty by causing or allowing the disposal and/or releases of PCE and other hazardous substance during the storage, handling, use and transfer of dry cleaning solvents on the Property, and/or by causing or allowing the disposal and/or releases of hazardous substances into the sanitary sewer system and from cracks, gaps, holes and other pathways in the foundation, plumbing, drains, connections, pipes and sewer lines, which were caused by and resulted from, among other things, improper and negligent maintenance of those components by the Defendants and each of them.

62. Defendants' releases and disposal of hazardous substances, were the direct and proximate cause of contamination that has impacted soil, soil gas, groundwater and/or indoor air, has required RLW to incur significant past and future costs to address the contamination and has resulted in a substantial reduction in the market value of the Property.  Such costs may include the installation of appropriate engineering or institutional controls, retrofit of the structure on the Property and/or full or partial demolition and reconstruction of the structure to ensure that it can be safely occupied by future tenants.

63. As a result, RLW is entitled to recover damages from Defendants, and each of them, for the fees and costs incurred and to be incurred to investigate and remediate the contamination, the reduction in the value of the Property and other and further relief as allowed by law.

/ / /

/ / /

**PRAYER**

RLW prays that judgment be entered in its favor as follows:

1. Defendants, and each of them, are liable for the damages suffered by RLW, including all past, present and future fees and costs, to investigate and remediate the environmental contamination at the Property, the fees and costs to respond to the RWQCB requirements to investigate and remediate the Property and any and all necessary costs of response.

2. Defendants, and each of them, are liable to RLW for any and all general, consequential and compensatory damages incurred by RLW, including but not limited to fees and costs required for the installation of appropriate engineering or institutional controls, retrofit of the structure on the Property and/or full or partial demolition and reconstruction of the structure to ensure that it can be safely occupied by future tenants;

3. Defendants, and each of them, are liable for the loss of use of the Property and of all or portions of the business thereon;

4. Defendants, and each of them, are liable for the reduction in the value of the Property caused by the environmental contamination;

5. Defendants are liable to RLW for treble damages for waste;

6. RLW is entitled to a declaration of rights and duties with regard to, among other things, Defendants responsibility for past, present and future fees, costs and actions necessary to address the hazardous substances, at, on, under or around the Property and each parties equitable share of the fees and costs for past, present and future actions;

7. Defendants shall pay RLW interest on the amount recoverable, as allowed by law; and

/ / /

/ / /

/ / /

/ / /

/ / /

8.  For such other and further relief as the Court may deem just and proper.

DATED: August 31, 2021          WENDEL ROSEN LLP

By: ____*/s/ Christine K. Noma*____
Christine K. Noma
Attorneys for Plaintiff RLW, LLC

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure for all such issues for which a trial by jury is allowed.

DATED: August 31, 2021          WENDEL ROSEN LLP

By: ____*/s/ Christine K. Noma*____
Christine K. Noma
Attorneys for Plaintiff RLW, LLC